## A. C. BRYAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11169. Promulgated October 8, 1947.

*F. Robert Gilfoil, Jr., Esq.*, for the petitioner.
*Thomas R. Charshee, Esq.*, for the respondent.

OPINION.

LeMire, *Judge*: The victory tax was imposed by section 172 of the Revenue Act of 1942, which added subchapter D, sections 450–470, inclusive, to the Internal Revenue Code. Section 172 of the 1942 Act was entitled "Temporary Income Tax on Individuals." Section 450 imposed a tax of 5 per cent upon the "victory tax net income of every individual (other than a nonresident alien  *  *  *)." Section 451, in defining the victory tax net income, excluded certain types of income

and granted specific deductions such as expenses, interest, taxes, losses, bad debts, etc. Section 452 allowed a specific exemption of $624 as a credit against the victory tax net income. Section 453 was amended by Public Law 178, 78th Cong., 1st sess. (57 Stat. 584), applicable to years beginning after December 31, 1942, to read in material part as follows:

(a) ALLOWANCE OF CREDIT.—There shall be allowed as a credit against the Victory tax for each taxable year—

(1) SINGLE PERSONS.—In the case of a single person, a married person not living with husband or wife, or an estate or trust, an amount equal to 25 per centum of the Victory tax or $500, whichever is the lesser.

(2) HEADS OF FAMILIES.—In the case of the head of a family, an amount equal to 40 per centum of the Victory tax or $1,000, whichever is the lesser.

(3) MARRIED PERSONS.—In the case of a married person living with husband or wife—

(A) if separate returns are filed by each spouse an amount equal to 40 per centum of the Victory tax or $500, whichever is the lesser, or

(B) if a separate return is filed by one spouse and no return is filed by the other spouse, or if a joint return is filed under section 51 (b), only one credit not exceeding 40 per centum of the Victory tax or $1,000, whichever is the lesser.

Section 455 (a) provided as follows:

(a) INDIVIDUAL RETURNS.—Every individual having a gross income in excess of $624 for the taxable year, shall make, under regulations prescribed by the Commissioner with the approval of the Secretary, a return, which shall contain or be verified by a written declaration that it is made under the penalties of perjury, stating specifically the items of his gross income and the deductions and credits allowed under this subchapter.

Section 29.455-1 of Regulations 111 provided that:

In the case of a husband and wife living together, the election to make a joint return authorized under the provisions of section 51 (b) must be exercised with respect to the tax imposed under chapter 1 considered as a whole and not with respect to the several parts of such tax considered separately. Hence, a husband and wife living together may not elect to make separate returns for the purpose of the tax imposed by sections 11 and 12 or Supplement T and a joint return for the purpose of the victory tax. Likewise, such husband and wife may not elect to make separate returns for the purpose of the victory tax and joint returns for the purpose of the other parts of the tax imposed by chapter 1.

The Committee on Finance which considered the 1942 bill in Senate Report No. 1631, 77th Cong., 2d sess. (C. B. 1942-2, pp. 504, 509), stated that:

The taxpayer will compute his Victory tax on his regular income-tax return except where not required to file a regular income-tax return. In the latter case, a return will be required for the Victory tax in all cases where the gross income for the taxable year is in excess of $624.

The petitioner claims that he and his wife filed separate returns for income tax purposes, but not for victory tax purposes, and that under section 453 (a) (3) (B) above he is entitled to a credit of $1,000 or 40 per cent of the victory tax, whichever is the lesser. He further contends that the victory tax is, or was, a separate and distinct tax

from the normal income tax and surtax and that the descriptive terms, "separate return" and "no return," as used in section 453 (a) (3) (B), refer to victory tax returns only.

Even if the petitioner should be right in his contention that the references in section 453 (a) (3) (B) are to victory tax returns only, we do not see how, on the facts, it can be said that the petitioner's wife did not file a separate victory tax return for the taxable year. It is true that she was not required to make a victory tax return, since her gross income was less than $624, but neither was she required to make a separate return of normal income. She had the choice of making either a joint return with her husband or a separate return. She chose to make a separate return and gained, for the marital community, the income tax advantage which resulted. We do not think that the petitioner-husband can now claim that this return was not also a victory tax return, so as to gain the additional advantage to which that would entitle him.

*Decision will be entered for the respondent.*